6 F.3d 829
 303 U.S.App.D.C. 370
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Michael JOHNSON, Appellant.
 No. 91-3227.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 30, 1993.
 
 Before BUCKLEY, GINSBURG, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was considered on the record from the United States District Court and on the briefs and oral arguments by counsel. After full review of the issues presented, the court concludes that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 14(c). On consideration thereof and for the reasons set forth in the attached memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by the court that the judgment of the District Court appealed from herein be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 On May 31, 1991, a jury convicted Michael Johnson of four offenses: (1) possession with the intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(iii); (2) use of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c)(1); (3) receiving in interstate commerce a firearm from which the manufacturer's serial number had been removed, in violation of 18 U.S.C. Sec. 922(k); and (4) assault on a police officer, in violation of D.C.Code Sec. 22-505(b). He challenges these convictions on several grounds. Finding no merit in his contentions, we affirm the convictions.
 
 
 5
 On February 22, 1991, D.C. police officers arrived at an apartment building armed with a search warrant authorizing them to search Johnson's apartment for evidence of drug dealing. On reaching the front door of the building, the officers saw Johnson emerge from his apartment and point a semiautomatic pistol at them. Johnson then retreated into his apartment.
 
 
 6
 The police entered the building and broke down the door to the apartment. They could not find Johnson, but they discovered an airshaft behind a bathroom window. Hanging on a nail in the airshaft within reach of the window was a plastic bag in which the police found plastic bags containing cocaine and a loaded .357 magnum from which the serial number had been removed.
 
 
 7
 A few minutes later, the police found Johnson in a basement apartment after one of its residents alerted them to his presence. At trial, the Government contended that Johnson had escaped from his apartment to the basement apartment through the airshaft. The ceiling of the basement apartment had a large hole in it, and the police recovered a semiautomatic pistol--the same one that Johnson had pointed at them--from the lip of the hole in the ceiling. They found Johnson lying on a bed in a bedroom of the apartment clad only in his underwear. His clothes were on the floor near him. The police searched the clothing and recovered cocaine packets from his pants.
 
 
 8
 Johnson challenges the district court's denial of motions to suppress the drugs and .357 magnum handgun found in the plastic bag hanging in the airshaft and the drugs discovered in his pants. We find that the items taken from the plastic bag were covered by the search warrant because the bag was hidden within reach of the apartment's bathroom window. See United States v. Rutkowski, 877 F.2d 139, 141 (1st Cir.1989) (holding that warrant authorizing search of home for stolen jewelry, coins, and other "easily-hidden objects" embraced evidence found in coffee can secreted behind wallboard in basement); cf. United States v. Morris, 977 F.2d 617 (D.C.Cir.1992) (in possession case, treating drugs found in air duct vent in bedroom ceiling of defendant's apartment as within apartment and thus, within defendant's constructive possession). The court thus properly denied Johnson's motion to suppress the items seized from the plastic bag.
 
 
 9
 With respect to the cocaine recovered from Johnson's pants, we find that the drugs were seized incident to a lawful arrest. The search of his clothing occurred shortly after he had brandished a semiautomatic pistol at the police and had fled through his apartment and down the airshaft. Under these circumstances, the officers were entitled to search Johnson without a warrant upon encountering him in the basement apartment and also to search "the area from within which he might gain possession of a weapon or destructible evidence." United States v. $639,558.00 in U.S. Currency, 955 F.2d 712, 715 (D.C.Cir.1992) (internal quotation marks and citation omitted). Because his pants were on the floor near the bed on which he lay, the officers did not need a warrant to inspect them. Id. (warrantless search permissible if proximity to time and place of arrest such that exigency exists).
 
 
 10
 Johnson also challenges the sufficiency of the evidence for the charge of receiving in interstate commerce a firearm from which the manufacturer's serial number had been removed, in violation of 18 U.S.C. Sec. 922(k). We disagree. Circumstantial evidence of constructive possession suffices to prove "receipt" of a firearm in violation of section 922(k). United States v. Beverly, 750 F.2d 34, 36 (6th Cir.1984). A person has constructive possession of an object when he knowingly has the power and intent to exercise dominion and control over it. Id. at 37. A jury may infer that a person who occupies an apartment has dominion and control over its contents. United States v. Morris, 977 F.2d 617, 620 (D.C.Cir.1992).
 
 
 11
 There was sufficient evidence here to allow a jury to find that Johnson constructively possessed the .357 magnum. The gun was found within reach of his bathroom window; the jury could reasonably infer, on the basis of expert testimony, that the cocaine found in Johnson's pants was intended for distribution; it heard evidence that drug dealers frequently keep a .357 magnum to protect such supplies; and Johnson had used the airshaft where the weapon was found as an escape route. Taken together, this circumstantial evidence is sufficient to support the jury's finding that Johnson had violated section 922(k).
 
 
 12
 Johnson next contends that the court erred by relying on unsworn testimony of the prosecutor at the suppression hearing. Our review of the record shows, however, that the prosecutor was merely clarifying testimony already given by a Government witness. Each of the prosecutor's statements challenged by Johnson was supported by that testimony; the prosecutor offered no new evidence. Nor was it improper for him to provide the court with a diagram to help it visualize the witness's testimony about the airshaft. In sum, the court did not err in allowing the prosecutor to comment on previously admitted evidence. See Irick v. U.S., 565 A.2d 26, 36 (D.C.App.1989) ("key inquiry is whether the attorney is commenting on the evidence, which he may do, or expressing a personal opinion, which is taboo").
 
 
 13
 Finally, Johnson challenges the court's refusal to instruct the jurors that they could draw an adverse inference from the Government's failure to call the residents of the basement apartment as witnesses. This claim is without merit because the prospective witnesses were not within the Government's exclusive control. See United States v. Norris, 873 F.2d 1519, 1522 (D.C.Cir.1989) (court will instruct jury that party's failure to call witness permits inference that witness's testimony would have hurt party's case only when party has exclusive power to call witness and when inference of unfavorable testimony from missing witness is reasonable). The district court thus properly refused to give a missing witness instruction.
 
 
 14
 For the foregoing reasons, we affirm Johnson's convictions.
 
 
 15
 So Ordered.